UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL CHARLES SORENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>EVGENIYA D. MORDEKHOVA, *et al.*,<br><br>    Defendants. | Case No. C18-1015-RSM-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff has presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also submitted an application to proceed with this action *in forma pauperis* and a motion for change of venue. Plaintiff appears to allege in his complaint that he was denied effective assistance of counsel during his state court criminal proceedings, and that his attorney conspired with the prosecutor and the judge presiding over his case to convict plaintiff of the criminal charges brought against him in King County Superior Court. Plaintiff identifies defenses attorney Evgeniya Mordekhova, King County Deputy Prosecutor Valiant Richey, and King County Superior Court Judge Susan Craighead as defendants in this action. Plaintiff seeks compensatory and punitive damages.

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy

REPORT AND RECOMMENDATION
PAGE - 1

is a writ of habeas corpus to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

It appears clear from the face of the complaint that the claims asserted by plaintiff would, if resolved in his favor, call into question the lawfulness of his conviction on state court criminal charges. However, plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, invalidated, or impugned in any way.[1] Thus, under *Heck*, plaintiff's § 1983 claims have not accrued and are therefore not cognizable in this proceeding. As plaintiff has not stated a cognizable claim for relief in these proceedings, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, with prejudice, prior to service, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[2] This Court further recommends that plaintiff's motion for change of venue be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

---

[1] A review of this Courts records reveals that petitioner previously sought federal habeas relief from the same conviction in 2013. *See Sorensen v. Glebe*, C13-1012-RSM. Plaintiff's federal habeas petition was dismissed as untimely in October 2013. *See id*., Dkts. 14, 15.

[2] The Court notes that even if plaintiff had alleged a cognizable ground for relief in his complaint, this action would still be subject to dismissal for failure of plaintiff to name a proper defendant. Plaintiff's public defender is not a state actor for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). And, the trial judge and the prosecuting attorney are immune from liability in this action. *See Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983) (persons who perform official functions in the judicial process are absolutely immune from liability for damages under § 1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors who act within the scope of their official duties in initiating and pursuing a criminal prosecution are absolutely immune from liability for damages in a civil suit brought under § 1983).

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on <u>**September 7, 2018**</u>.

DATED this <u>14th</u> day of August, 2018.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3